## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2051 | **DATE** | 8/4/2003 |
| **CASE TITLE** | Hamdan vs. Land Rover | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons set forth on the attached Memorandum Opinion and Order, defendant's motion to dismiss is granted in part and denied in part. Count 2 is dismissed for failure to state a claim. The motion is otherwise denied. Defendant is directed to answer Count 2 within ten days of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 0 8 2003 | |
| | Notified counsel by telephone. | | date docketed | 20 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DISTRICT

MAROUF M. HAMDAN, )
)
    Plaintiff )
)
vs. )   Case No. 03 C 2051
)
LAND ROVER NORTH AMERICA, INC. )
)
    Defendant )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

After several failed attempts to repair his Range Rover, Marouf Hamdan filed this lawsuit under the Magnuson-Moss Warranty Act against the vehicle's manufacturer Land Rover North America (LRNA), alleging that it breached written and implied warranties and seeking to revoke his acceptance of the Range Rover. LRNA has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the implied warranty and revocation of acceptance claims. For the reasons stated below, the Court grants LRNA's motion in part and denies it in part.

### Facts

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint, not the merits of the case. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court can grant the motion only if there is no set of facts consistent with the plaintiff's complaint that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 55-56 (1957).

In July 2003, Hamdan purchased a 2003 Land Rover from Luxury Motors, Inc. for

$79,500. He alleges that LRNA issued a written bumper-to-bumper warranty good for three years or forty-two thousand miles, as well as other warranties outlined in a new car warranty booklet supplied with the vehicle.

Hamdan began to experience problems with the Range Rover soon after he purchased it, including problems with the air suspension system. He took the vehicle to a LRNA-authorized dealer for service at least three times, but the dealer was unable to cure or repair the defects. As a result, Hamdan sent LRNA a letter revoking his acceptance of the vehicle. He alleges that LRNA refused this demand. Hamdan then filed this action in the Circuit Court of Cook County, making three claims: breach of written warranty, breach of implied warranty, and revocation of acceptance. LRNA removed the action to this Court and has moved to dismiss the implied warranty and revocation of acceptance claims.

**Discussion**

1.  **Implied warranty claim**

The Magnuson-Moss Warranty Act essentially provides a framework for bringing state-law warranty claims in cases involving consumer products. Such claims may be brought in or removed to federal court if the amount in controversy exceeds $50,000. In Count 2 of his complaint, Hamdan alleges that LRNA breached the implied warranty of merchantability that exists under Illinois law, specifically under Illinois' version of the Uniform Commercial Code. with respect to the Range Rover. *See* 15 U.S.C. § 2301(7) (buyer may avail himself of implied warranties "arising under State law"). Under Illinois law, privity is generally required to sustain an implied warranty claim like Hamdan's which involves only economic loss. *See Rothe v. Maloney Cadillac, Inc.*, 119 Ill. 2d 288, 292, 518 N.E.2d 1028, 1029 (1988); *Szajna v. General Motors Corp.*, 115 Ill. 2d 294, 311, 503 N.E.2d 760, 766 (1986). In *Szajna*, the Illinois Supreme

2

Court expressly declined the opportunity to remove the privity requirement in implied warranty / economic loss cases. *Szajna*, 115 Ill. 2d at 311, 503 N.E.2d at 766. Such claims may therefore be made only against the person or entity from which the buyer purchased the product – in this case Luxury Motors, Inc., not LRNA.

In *Szajna* and *Rothe*, the Illinois Supreme Court held that the Magnuson-Moss Act permits a buyer to make an implied warranty claim against the manufacturer despite the lack of privity if the manufacturer provided the buyer with a written warranty, as was the case here. *See, e.g., Rothe*, 119 Ill. 2d at 293-95, 518 N.E.2d at 1030-31. However, the Illinois court's interpretation of federal law is not binding on this Court. *See, e.g., RAR, Inc., v. Turner Diesel, Ltd.*, 107 F. 3d 1272, 1276 (7th Cir. 1997). Though the Seventh Circuit has not yet ruled on the issue of privity as it relates to claims under Magnuson-Moss, several district courts in this Circuit, as well as the Second Circuit, have held that a plaintiff cannot pursue an implied warranty claim under Magnuson-Moss if state law requires privity for the claim to succeed. *Abraham v. Volkswagen of America*, 795 F.2d 238, 247-49 (2d Cir. 1986); *Schimmer v. Jaguar Cars, Inc.*, No. 03 C 1884, 2003 WL 21518589, at *3 (N.D. Ill. July 2, 2003); *Diamond v. Porsche Cars N. Am., Inc.*, No. 02 C 414, 2002 WL 31155064, at *6 (N.D. Ill. Sept. 26, 2002); *Kowalke v. Bernard Chevrolet, Inc.*, No. 99 C 7980, 2000 WL 656660, at *5 (N.D. Ill. Mar. 23, 2000); *Soldinger Assoc., Ltd., v. Aston Martin Lagonda of N. Am., Inc.*, No 97 C 7792, 1999 WL 756174, at *10 (N.D. Ill. Sept. 13, 1999); *Jones v. Fleetwood Motor Homes*, No. 98 C 3061, 1999 WL 999784, at *2 (N.D. Ill. Oct. 29, 1999). This Court finds those decisions persuasive. The Magnuson-Moss Act neither adds to nor subtracts from any implied warranties that exist under state law; rather it adopts the warranties that state law imposes.

Because Hamdan is not in privity with LRNA, he cannot maintain an implied warranty

claim against that entity. For these reasons, the Court dismisses Count 2.

2. **Claim for revocation of acceptance**

The Magnuson-Moss Act allows a consumer who is damaged by a supplier, warrantor, or service contractor to sue for "damages and other legal and equitable relief." 15 U.S.C. 2310(d)(1). Revocation of acceptance is a form of equitable relief that is available under the Act. *See, e.g., Schimmer*, 2003 WL 21518589, at *3; *Soldinger*, 1999 WL 756174, at *6-10; *Jones*, 1999 WL 999784, at *2.

LRNA contends that because section 2-608 of the UCC, which governs revocation of acceptance, states that revocation is not effective until the buyer notifies the seller, this remedy may be asserted only against the seller of a product, not the manufacturer. However, in contrast to the Magnuson-Moss provision describing the warranties that may be enforced under the Act, the Act's remedial provision does not adopt state law. This Court agrees with those courts in this District that have held that revocation of acceptance may be asserted against a manufacturer under the Magnuson-Moss Act irrespective of whether that remedy exists under Illinois law. *See, e.g., Schimmer*, 2003 WL 21318589, at *3; *Jones*, 1999 WL 999784, at *2. We also note that as Judge St. Eve recently pointed out in *Schimmer*, Illinois law permits a buyer to seek revocation against a manufacturer on an appropriate showing. *Schimmer*, 2003 WL 21518589, at *4. For these reasons, the Court denies LRNA's motion to dismiss as to Count 3.

**Conclusion**

For the reasons stated above, defendant's motion to dismiss is granted in part and denied in part. Count 2 is dismissed for failure to state a claim. The motion is otherwise denied.

4

Defendant is directed to answer Count 2 within ten days of this order.

                                                                                          _____
                                                                                          MATTHEW F. KENNELLY
                                                                                          United States District Judge

Date:   August 4, 2003